(109 So. 158)

## CLEMENTS v. COMMISSION OF CITY OF BIRMINGHAM et al.   (6 Div. 595.)

(Supreme Court of Alabama.   June 10, 1926.
Rehearing Denied June 30, 1926.)

**1. Municipal corporations ⬤⇒218(6)—City may abolish office of municipal surgeon, incidentally removing incumbent, civil service employé (Gen. Acts 1923, p. 647).**

City may, by ordinance adopted in good faith, abolish office of municipal surgeon, which was not created by charter or general law, though it incidentally removes incumbent, who was civil service employé, under Gen. Acts 1923, p. 647.

**2. Municipal corporations ⬤⇒63(1).**

Courts will not inquire into motives inducing authorized legislative action by municipal council, except to examine its records and proceedings.

Appeal from Circuit Court, Jefferson County; W. M. Walker, Judge.

Bill in equity by M. D. Clements against the Commission of the City of Birmingham and others. From the decree, complainant appeals. Affirmed.

Appellant filed a bill on the equity side of the circuit court of Jefferson county, Ala., seeking to enjoin the commission of the city of Birmingham and the president and associate members of the commission from carrying or attempting to carry into effect an ordinance adopted on the 17th of November, 1925, abolishing the office of municipal surgeon. The bill also prays that the appellees be enjoined from removing appellant from said office or in anywise interfering with him in the performance of the duties of such office, and that the appellees be enjoined from doing or attempting or threatening to do anything tending towards interference or embarrassment of complainant in his work as municipal surgeon. The bill also prays that the ordinance referred to be adjudged null and void and of no effect.

The trial court ordered a temporary writ of injunction issued without a hearing. On a motion to dissolve, it was held that the bill was without equity, the temporary injunction was dissolved, and the bill dismissed as being incapable of amendment so as to give it equity. Appellant appealed, and the temporary injunction was reinstated pending appeal.

Altman & Taylor and Fred .G. Koenig, all of Birmingham, for appellant.

Complainant is within the civil service of the municipality. Acts 1923, pp. 647, 652. The civil service statute forbids the abolition of offices for purely personal or political reasons, in order to effect a removal of incumbents. State v. Edwards, 40 Mont. 287, 106 P. 695, 20 Ann. Cas. 239; State v. Seattle, 74 Wash. 199, 133 P. 11, 4 A. L. R. 198; Fitzsimmons v. O'Neill, 214 Ill. 494, 73 N. E. 797; Kipley v. Luthardt, 178 Ill. 525, 53 N. E. 74; Chicago v. Luthardt, 191 Ill. 516, 61 N. E. 410; People v. Kipley, 171 Ill. 44, 49 N. E. 229, 41 L. R. A. 775; 5 R. C. L. 614; People v. Loeffler, 175 Ill. 585, 51 N. E. 785. The court will look to the facts, and determine whether the particular ordinance carries out the spirit and intention of the Legislature. State v. Edwards, supra.

Horace C. Wilkinson, of Birmingham, for appellees.

Civil service statutes do not prevent a bona fide abolition of an office. Oldham v. Mayor, etc., 102 Ala. 357, 14 So. 793; Gardner v. Lowell, 221 Mass. 150, 108 N. E. 937; Essinger v. Mayor, etc., 275 Pa. 408, 119 A. 479; State v. Seattle, 121 Wash. 247, 208 P. 1092; City of Chicago v. People, 114 Ill. App. 145. The courts will not institute an inquiry into the motives of the legislative body of a municipality; bad faith must appear on the face of the enactment. Downey v. State, 160 Ind. 578, 67 N. E. 450; Albes v. Southern R. Co., 164 Ala. 356, 51 So. 327; Cramton v. Montgomery, 171 Ala. 478, 55 So. 122; Soon Hing v. Crowley, 113 U. S. 703, 5 S. Ct. 730, 28 L. Ed. 1145; State v. Seattle, 74 Wash. 199, 133 P. 11, 4 A. L. R. 198; Pilcher v. Dothan, 207 Ala. 424, 93 So. 16.

SOMERVILLE, J.   Under the Civil Service Act of 1923 (Gen. Acts 1923, p. 647), the police and fire departments of the city of Birmingham were placed under the regulations therein prescribed, to be administered by the civil service board created and empowered for that purpose.

After placing all "officers and members" of these departments under civil service regulations, and specifically defining who are to be included within those terms, the act (page 648) further includes:

"In addition to those specifically named hereinbefore as members of said departments, such others as such boards may find and designate to properly be such members, respectively."

Section 4 of the act provides:

"Said board shall have authority to change, add to, alter, or rearrange positions, places and offices in said departments whenever it shall deem same necessary."

The office of municipal surgeon was originally created by the legislative department of the city of Birmingham. City Code 1917, p. 654. The bill alleges that the complainant, Clements, has held the office and performed its duties since the civil service board was organized, in the beginning, it is to be presumed, by the appointment and under the authority of the city commission.

On June 15, 1925, the civil service board,

by resolution duly adopted, placed the municipal surgeon under civil service regulations, and recommended that his salary be prorated between the police and the fire departments, and on June 23, 1925, the city commission, by resolution duly adopted, placed the municipal surgeon on the pay roll of those departments, prorated his salary equally between them, and declared the office from June 15, 1925, to be under the civil service regulations pertaining to those departments.

Thereupon the civil service board regularly declared:

"Said municipal surgeon, who is Dr. M. D. Clements, to be now appointed as a member of such police department of the city of Birmingham, and ex officio a member of the fire department of the city of Birmingham; and said civil service board does now by this resolution find and designate said municipal surgeon, M. D. Clements, to properly be such member. * * * "

On November 17, 1925, the city commission adopted the following ordinance:

"Be it ordained by the commission of the city of Birmingham as follows:

"Section 1. That the office of municipal surgeon be and the same is hereby abolished.

"Sec. 2. That the services of Dr. M. D. Clements, be and the same are hereby dispensed with.

"Sec. 3. That this ordinance shall become effective December 1, 1925.

"Sec. 4. That all ordinances and resolutions or parts thereof, in anywise in conflict with this ordinance, be and the same are hereby expressly repealed."

The bill of complaint charges that this ordinance is a nullity because it is an attempt to evade the civil service law, and to defeat its operation in favor of this complainant, in short, to remove him from office, for political or personal reasons, under the specious pretense of abolishing the office; the charge being that the ordinance was not passed in good faith, but "with the purpose and intent to put in charge and control of the work complainant has been performing, as such municipal surgeon, three or more physicians who were deemed more acceptable, politically and otherwise, to said commission * * * than is complainant."

[1] The authorities seem to be unanimous in holding that, though an office or employment is properly subject to civil service regulations, so that the officer or employee cannot be lawfully removed except for cause and in accordance with such regulations, the municipal government may nevertheless abolish the office or position, and thereby incidentally remove the incumbent, provided the ordinance or resolution to that effect is adopted in good faith; and provided, of course, the office is not created by the municipal charter or by general law. State v. Edwards, 40 Mont. 287, 106 P. 695, 20 Ann. Cas. 239, and note 246, wherein the cases are collected and reviewed; People v. Kipley, 171 Ill. 44, 49 N. E. 229, 41 L. R. A. 775; State of Washington v. City of Seattle, 74 Wash. 199, 133 P. 11, 4 A. L. R. 198; City of Chicago v. People, 114 Ill. App. 145.

In the case of Oldham v. Mayor and Aldermen of Birmingham, 102 Ala. 357, 14 So. 793, a city police sergeant, whose office had been abolished by the city council, sued the city for salary claimed to have accrued thereafter, the plaintiff's contention being that the council was deprived of the power to abolish the office because, under the Police Commissioners Act of 1892, the police department and its officers had been placed under the control of the new commission, by whom alone removals could be made, and only for cause after notice and hearing. The contention was made that the abolition of the office was but an evasion of the Police Commissioners Act, and that the ordinance to that end was therefore a nullity. The court said:

"The charter of the city of Birmingham confers on the mayor and aldermen the power to 'appoint such officers as they may see fit and think necessary for the good government of the city, * * * and may remove and discharge any of its officers and employés at pleasure.' * * * By these two sections [of the Police Commissioners Act] the power of the board of mayor and aldermen to make the appointment of those officers, as formerly exercised, was revoked, and the power to suspend or remove them was also taken away. But it will be observed that the power to determine what officers and policemen are necessary for the good government of the city, and to carry out the powers granted in its charter, and the power to create and abolish offices, such as the mayor and aldermen theretofore had, was left untouched and as plenary as before. * * * The purpose of the Legislature in providing against the removal of policemen by the board of police commissioners, except for cause after due trial, and in a manner to be prescribed by city ordinance, was to prevent injustice and the exercise of an ex parte, arbitrary and capricious power, to the injury, perhaps, of a faithful officer, and to give him, at least, an opportunity of having a fair trial before removal. But this has no application to the exercise of the power by the city to create and abolish offices. The judge of one of our city courts cannot be removed for cause, without impeachment after trial, but that does not prevent the Legislature from abolishing the court, and thereby deprive the judge of his office and salary. Perkins v. Corbin, supra [45 Ala. 103, 6 Am. Rep. 698]. Offices are abolished, it may be presumed, without reference to the incumbent or their conduct—though that might properly be a consideration—but because they are no longer necessary. Such statutory offices are not to be retained for the benefit of those who fill them, but alone for the public good. Phillips v. The Mayor, 88 N. Y. [245], supra."

We of course do not overlook the points of difference between the old Police Commissioners Act and the present Civil Service Act, but the principles of decision in the Oldham Case are highly pertinent here.

**[2]** It is firmly settled in this state that the courts will not inquire into the motives which may have induced authorized legislative action, whether by the Legislature of the state or by the municipal council. Albes v. So. Ry. Co., 164 Ala. 356, 51 So. 327; Cramton v. City of Montgomery, 171 Ala. 478, 482, 55 So. 122; Pilcher v. City of Dothan, 207 Ala. 421, 424, 93 So. 16. And it has been settled by the decision in Pilcher v. City of Dothan, supra, that:

"The only source of information to determine whether a municipal government has fraudulently exercised or palpably abused its discretion, otherwise than as the result of corruption, is the records and proceedings of the governmental body, whose exercise of discretion is the object of attack."

This is in harmony with the rule declared by the Supreme Court of Indiana in Downey v. State, 160 Ind. 578, 67 N. E. 450. In that case the court said:

"It is urged by the relator that, as the trial court found that the 'common council did not abolish said office in good faith, but for the purpose of removing and ousting him from said office before the expiration of the term thereof, and evading the law prohibiting such removal,' the adoption of said resolution abolishing said office was void and of no effect, and that said office was not thereby abolished. It is a sufficient answer to said contention to say that the act of said common council in abolishing said office was the exercise of legislative power, and it is the settled rule in this state that the courts will not institute any inquiry into the motives of the legislative department of municipal corporations in the exercise of such power."

In Hing v. Crowley, 113 U. S. 703, 5 S. Ct. 730, 28 L. Ed. 1145, the court said:

"The rule is general with reference to the enactments of all legislative bodies that the courts cannot inquire into the motives of the Legislatures in passing them, except as they may be disclosed on the face of the acts, or inferable from their operation, considered with reference to the condition of the country and existing legislation. The motives of the legislators, considered as the purposes they had in view, will always be presumed to be to accomplish that which follows as the natural and reasonable effect of their enactments."

This, it will be observed, is but an elaboration of the rule that bad faith must be apparent upon the face of the act, and cannot be shown by extrinsic facts. There are cases in other jurisdictions which do not thus restrict the inquiry, but permit a resort to extrinsic and parol evidence of the legislative motive. We are bound, however, by our own decisions, which we think are based upon sound principle and policy.

There is nothing upon the face of this ordinance, or of any contemporary ordinance, which suggests bad faith in its enactment—a purpose to circumvent superior laws; nor is that its natural and reasonable effect—since the result achieved is entirely consistent with lawful and proper purposes on the part of the city commission in its administration of public affairs.

We therefore hold that the demurrer was properly sustained to the bill for want of equity; and that, not being amendable so as to give it equity, the bill was properly dismissed.

Consideration of other questions argued in briefs of counsel is pretermitted as unnecessary.

Let the decree of the circuit court be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.