178 So. 209

**PHILLIPS v. CITY OF BIRMINGHAM.**

**6 Div. 237.**

Supreme Court of Alabama.

Jan. 13, 1938.

Horace C. Wilkinson, of Birmingham, for appellant.

Jas. H. Willis, of Birmingham, for appellee.

GARDNER, Justice.

Complainant has been in the service and employment of the City of Birmingham as prosecuting attorney in the recorder's court since March 1, 1935, and on November 6, 1937, received a letter from the commissioner of public safety for said city requesting his resignation, stating that the conclusion had been reached that "a solicitor is not necessary to the efficient functioning of the Police Court."

The bill charges that at a scheduled meeting to be held on November 9, 1937, the City Commission will undertake to "abolish the position now held by complainant," and seeks injunctive relief against any action of the city which will affect his employment status. The bill confessedly is not filed on any theory of benefit to be derived from the Civil Service Act of August 28, 1935, Gen. Acts 1935, p. 691, here considered in Yeilding v. State, 232 Ala. 292, 167 So. 580. And correctly so, we think, as it is not pretended, complainant having been in the service less than 12 months prior to the effective date of the act, that he ever acquired any status as a permanent employee. Section 16, Gen.Acts 1935, pp. 691, 704.

Complainant, therefore, rests his case upon the provisions of section 11 of the Act of August 15, 1923, Gen.Acts 1923, pp. 109, 114, referred to as the "Three Commissioner Act," this section dealing with a form of civil service, with restriction upon the right of the City Commission to remove or discharge, except for cause, an employee who has been in service more than 12 months. Recognizing the right of the commission to abolish an office in good faith and that the court will not go behind the record for reasons that may have induced legislative action (Clements v. Commission of City of Birmingham, 215 Ala. 59, 109 So. 158), complainant insists the record shows bad faith in that it appears the city has employed one attorney and it is charged will employ another. Therefore it is insisted the matter of economy is refuted and bad faith shown.

There is no charge or insistence that the city is not in fact in good faith abolishing complainant's position, that is, the particular work for which he was employed; but the idea seems to be that he has a right to be continued in some other character of legal work.

It is difficult to read section 11 of the 1923 act to such effect, and we are inclined to the view that the Clements Case, supra, is decisive against complainant's insistence in this respect. But as we view it, all of this is academic and unnecessary to be decided. This for the reason that the Civil Service Act of 1935, supra, embraces the subject of civil service treated in section 11 of the 1923 act, and affects the same municipality, and supersedes the same. The Legislature in the 1935 act did not leave the matter to a general repealing clause or a repeal by implication, but expressly included in section 37 of the act a repeal of "all laws purporting to set up civil service plans or systems in such county or in any city therein," and "all laws or parts of laws, whether local or general, the effect of which is to prescribe a different method of selection or appointment or to fix tenure of office or employment and the rate of compensation for services contrary to the express or implied effect and provisions hereof are repealed."

It is clear enough that the civil service provisions of section 11 of the 1923 act are repealed by the act of 1935. Complainant cannot, therefore, sustain his case upon section 11 of the act of 1923, upon the provisions of which he confessedly rests his right to relief.

It results that the decree of the chancellor is correct and will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.