139 So.2d 330

**PAULSON'S STEERHEAD RESTAURANT, INC., et al.**

**v.**

**James W. MORGAN et al., Members of City Commission of Birmingham.**

**6 Div. 479.**

Supreme Court of Alabama.

March 22, 1962.

Barney L. Brannan, pro se.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

———◆———

Fred Blanton and Geo. E. Trawick, Birmingham, for appellants.

Watts E. Davis, Birmingham, for appellees.

COLEMAN, Justice.

This is an appeal by petitioners from a judgment sustaining a demurrer to their petition for mandamus and dismissing it.

Petitioners allege that they are a corporation and the officers and shareholders thereof; that the respondents are the individuals who are members of the Commission of the City of Birmingham and the Commission itself; that petitioners are qualified to engage in a restaurant business in Birmingham; that petitioners have, since incorporation, conducted a restaurant business at a specified address in Birmingham, that said premises are properly equipped for a restaurant business, and the business is properly conducted; that the individual petitioners are of high moral character and are responsible and law-abiding citizens of Birmingham; that other restaurants of similar kind, located in the immediate vicinity of petitioners' premises, have applied for and obtained the approval of the respondents for the issuance of a restaurant liquor license as provided by Title 29, Code 1940; that an application in proper form was made by petitioners to the City of Birmingham for a restaurant liquor license; that petitioners, on information and belief, aver that their application was referred to the Police Department of the City of Birmingham for investigation and report, and that the report thereof was favorable to petitioners; that respondents, in a meeting of the Commission of the City of Birmingham, considered petitioners' application for a restaurant liquor license and that respondents adopted a resolution denying the application; that denial was improperly and illegally motivated by the malice of one of the respondents against the husband of one of petitioners; that the other respondents did not exercise an independent judgment but accepted and ratified the judgment of that respondent who was motivated by malice; that the denial of petitioners' application was arbitrary and capricious, and that petitioners are in all respects qualified to be issued a restaurant liquor license as provided by law. The prayer is for the alternative writ of mandamus, and, on final hearing, for the peremptory writ requiring respondents to approve issuance of restaurant liquor license to petitioners.

Respondents demurred on the ground, among others, that the consent or approval by respondents, of the issuance of a restaurant liquor license to petitioners, is a matter lying within the irrevisable discretion of respondents and is not subject to review by the court in this proceeding.

Petitioners assign as errors: that the court erred in sustaining the demurrer, in dismissing the petition, and in dismissing the petition without allowing petitioners to amend it.

Petitioners set out two propositions of law in brief, to wit:

"I. THE POWER TO GRANT A RESTAURANT LIQUOR LICENSE IS BY STATUTE VESTED EXCLUSIVELY IN THE ALABAMA ALCOHOLIC BEVERAGE CONTROL BOARD SO THAT THE GOVERNING BODY OF A MUNICIPALITY PERFORMS AN ADMINISTRATIVE ACT OR A DISCRETIONARY ACT SUBJECT TO REVIEW IN THE STATUTORY SCHEME.

"II. WHERE THERE HAS BEEN AN ABUSE OF DISCRETION OR WHERE AN ACT WHICH IS DISCRETIONARY IS PERFORMED FROM CAPRICE, PASSION, PARTIALITY, FRAUD, ARBITRARY CONDUCT OR SOME ULTERIOR MOTICE, THE EXERCISE OF SUCH DISCRETION MAY BE CONTROLLED BY MANDAMUS."

Petitioners do not, as we understand their argument, assert that the statute is invalid for the reason that it violates any constitutional provision, or for any other reason, and, therefore, we are not called upon and do not undertake to determine the validity of the statute.

The question presented, as we understand it, is one of statutory construction. Petitioners state in brief as follows:

"It will be conceded that validly an uncontrolled discretion can be reposed in the governing authority. See State v. Durein, 70 Kan. 1, 78 Pac. 152 [15 L.R.A., N.S., 908] (1904). However, appellants-petitioners here contend that the statutory scheme of the Alabama Beverage Control Act by placing power to issue liquor licenses in the Alabama Alcoholic Beverage Control Board negates the placing of such an uncontrolled discretion for 'approval' in the municipal governing body."

Consideration of the correctness of petitioners' first proposition requires that we determine the nature of the power conferred by the statute on the municipal governing body with respect to granting or withholding its "approval," or "consent and approval," of the issuance of a restaurant liquor license by the Alabama Alcoholic Beverage Control Board, hereinafter referred to as the ABC Board or the board. The statute makes such consent and approval by the municipal governing body a condition precedent to the issuance of such license by the board.

If appellants be correct in their assertion that the power granted to the municipal governing body is merely the power to do an administrative act, or the power to do a discretionary act which is subject to judicial review, then we reach the question posed by the second proposition, i. e., do the allegations of the petition show an abuse of discretion, or arbitrary action, which the courts will revise.

On the other hand, if the statute confers on the municipal governing body a power to do an act which is neither merely administrative, nor a discretionary power subject to judicial revision, but which is an irrevisable power with the exercise of which the courts are not authorized to interfere, the questions posed by appellants' second proposition is not reached.

We consider appellants' first proposition, and the authorities relied on to support it. First cited are §§ 5, 13, and 14, Title 29, Code 1940, as amended. Pertinent provisions of these sections, and also § 15, Title 29, recite as follows:

"§ 5. The functions, duties and powers of the board shall be as follows:

\*　　\*　　\*　　\*　　\*　　\*

"To grant, issue and suspend or revoke for cause liquor licenses, and alcohol permits, as provided in this chapter.

"To grant, issue and suspend or revoke for cause malt or brewed and

vinous beverage licenses, as provided in this chapter."

"§ 13. Subject to the provisions of this chapter, and regulations promulgated under the provisions of this chapter, the board, with the approval of the governing authority of the municipality, * * * shall have authority to issue a liquor license for any premises kept or operated by a * * * restaurant * * and specified in the license * * *."

"§ 14. Every applicant for a * * restaurant liquor license * * * shall file a written application with the board * * * which shall be accompanied by an application fee * * * and accompanied, also, by a certificate from the clerk or proper officer setting out that the applicant has presented his application to the governing authority of the municipality and has obtained its consent and approval. * * *"

"§ 15. Upon receipt of the application, the proper fees, the certificate of approval of the governing authority, and upon being satisfied of the truth of the statements in the application, and that the applicant is a person of good repute and seeks a license for a * * restaurant * * * as defined in this chapter, the board shall grant and issue the applicant a liquor license * * *."

In support of Proposition I, petitioners cite State ex rel. Morrow v. Santa Cruz, 252 Ala. 130, 39 So.2d 786, and the Opinion of Attorney General, of May 29, 1947, Vol. 7, page 171. In State ex rel. Morrow v. Santa Cruz, supra, this court held that, under the allegation and proof in that case, the petitioner for mandamus had shown a right to the peremptory writ of mandamus to require the license officer of the City of Mobile to issue to petitioner a license for the sale of beer in a cafe or restaurant. The opinion of the Attorney General states that the city has authority to levy a reasonable license for selling beer but has no authority to prohibit the selling of beer by one legally licensed to do so by the State. The opinion also states that a municipality may collect licenses for hotels, restaurants, or clubs located without the city limits but within the police jurisdiction. Neither the cited case, nor the opinion, as it seems to us, deals with the authority of a city to grant or withhold approval of the issuance of a restaurant liquor license.

The legislature appears to have made a distinction between liquor licenses and beer licenses. In § 5, Title 29, the authority of the board to issue and suspend liquor licenses is stated in one sentence. Like authority as to beer licenses is stated in the sentence following immediately thereafter. The issuance of liquor licenses is dealt with in §§ 13, 14, 15 et seq., Title 29, while the issuance of retailer's beer licenses is provided for in § 25 et seq., of the same title. § 22, Title 29, provides that every license issued to a restaurant for the sale of liquor shall authorize the licensee to sell vinous or brewed beverages at the same place, subject to certain restrictions. The quoted Code sections require approval of the municipal governing body for the issuance of liquor licenses, but, so far as we are advised, the statute does not state that such approval is required for the issuance of beer licenses. The conclusion appears to us inescapable that the legislature has placed beer licenses in one category and liquor licenses in another. As a result, the cited authorities, which relate to beer licenses, do not govern the issuance of restaurant liquor licenses.

In three separate Code sections, 13, 14, and 15, Title 29, the legislature has specified that an applicant for restaurant liquor license must have the approval of the municipal governing authority, but, so far as we have found, the statute does not define or restrict the meaning of such consent and approval, or set out conditions under which the municipal authority must or may give its consent, or the conditions under which its consent may be withheld.

As to the power of the state to grant liquor licenses the following has been said:

"* * * There is no inherent right in a citizen to thus sell intoxicating liquors by retail. It is not a privilege of a citizen of the state or of a citizen of the United States. As it is a business attended with danger to the community, it may, as already said, be entirely prohibited, or be permitted under such conditions as will limit to the utmost its evils. The manner and extent of regulation rest in the discretion of the governing authority. That authority may vest in such officers as it may deem proper the power of passing upon applications for permission to carry it on, and to issue licenses for that purpose. It is a matter of legislative will only. As in many other cases, the officers may not always exercise the power conferred upon them with wisdom or justice to the parties affected. But that is a matter which does not affect the authority of the state, or one which can be brought under the cognizance of the courts of the United States." Crowley v. Christensen, 137 U.S. 86, 91, 92, 11 S. Ct. 13, 15, 34 L.Ed. 620.

In City Council of Montgomery v. West, 149 Ala. 311, 42 So. 1000, 9 L.R.A.,N.S., 659, this court considered a municipal ordinance which provided that no person should operate a steam engine within the city "without first obtaining the consent of the council." The court held the ordinance invalid because it granted to the city council the right to grant or withhold the privilege and admitted of the exercise of an arbitrary discrimination. In the instant case, the statute forbids issuance of a restaurant liquor license without the applicant's first obtaining consent of the municipal governing authority. If the ordinance in the West case, supra, conferred an irrevisable discretion, then the statute in the instant case, Title 29, Code 1940, confers an irrevisable discretion on the municipal body to grant or withhold its approval.

Section 220, Constitution of 1901, provides that no person can use city streets for any public utility or private enterprise without consent of the proper city authority. This court has held that said Section 220 vests in cities an irrevisable discretion to refuse a taxicab license. City of Decatur v. Meadors, 235 Ala. 544, 180 So. 550.

A recent case holds that § 88, Title 22, Code 1940, confers on municipal governing bodies a discretion to deny a cemetery permit, which discretion cannot be reviewed or revised by mandamus. Gardner v. Stevens, 269 Ala. 213, 111 So:2d 904.

We are of opinion that Title 29, Code 1940, grants to the municipal governing body an irrevisable discretion to grant or withhold its consent and approval of the issuance of a restaurant liquor license, and, therefore, that the court did not err in sustaining the ground of demurrer which takes that point.

The court will not inquire into the motives of the members of the municipal council in exercising a legislative discretion, except to examine the records of the council. Clements v. Commission of City of Birmingham, 215 Ala. 59, 109 So. 158. The discretion to approve or disapprove the issuance of a restaurant liquor license, conferred on the municipal governing body by Title 29, is irrevisable and is of the nature of a legislative discretion. As stated in the Clements case, supra, 215 Ala. at page 61, 109 So. at 160, "* * * bad faith must be apparent upon the face of the act, and cannot be shown by extrinsic facts. * * *"

Petitioners argue that the court erred in not allowing them to amend their petition. The record does not show that petitioners made any attempt to amend nor the nature of any amendment offered by them. Petitioners say in brief that, if permitted to amend, they could have alleged that respondents "* * * have fixed no terms and conditions for 'approval' of an applicant for a state restaurant liquor license. * * *"

Even if we assume that petitioners could or did attempt to amend as suggested in

**240**

brief, we are still unable to perceive injury to petitioners in view of the construction hereinabove placed on the statute. If it confers on respondents a discretion which, after its exercise, is not revisable by mandamus, and we so hold, then we do not think that such discretion is controllable, prior to its exercise, by mandamus to compel the setting of standards and conditions to govern the discretion. Even if the amendment now urged by petitioners were allowed, their petition would still be insufficient against respondents' demurrer.

Each of the thirty-one cases cited by appellants in support of Proposition II has been carefully examined. We note that in a substantial number of the cases which involved granting or refusing a liquor license, the appellate court upheld the action of the statutory licensing authority. We do not think, however, that the cited cases are of assistance in construing our statute, or that discussing them in detail would serve a useful purpose.

From what we have said, it follows that we are of opinion that the judgment appealed from is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.