BLOODWORTH, Justice.
The issue which the parties present by this appeal is whether the city council of the City of Oxford, Alabama, has an irrevisable discretion to grant or withhold its approval of the issuance of an on-premises liquor license by the State ABC Board in order to prevent any such license from being granted to anyone.
We hold that we need not answer whether the city council has such an unbridled, irrevisable, and uncontrolled discretion, because, in this case, appellants have not shown that the city council’s refusal to give approval to appellant Inn of Oxford, Inc., (Ramada Inn) or to anyone else has prevented the issuance of any license — i. e., kept Oxford “dry.” Therefore, we affirm the trial court’s judgment denying appellants any relief.
The facts of the case are undisputed. Appellant, Inn of Oxford, Inc., (Ramada Inn), made written application, under Tit. 29, § 14, Code of 1940, to the city council of Oxford, Calhoun County, Alabama, seeking its consent and approval for the issuance by the State ABC Board of a liquor license. The council denied the application. The City admits it has not approved anyone for issuance of a liquor license. However, no evidence was presented to show any others had ever made application for approval. It is conceded that the ABC Board operates no liquor store in Oxford.
Appellants sought review of the city council’s action in a declaratory judgment suit filed in circuit court. Appellants contended there, as they do here, that although Calhoun County is “wet,” the City of Oxford by refusing to approve the issuance by the ABC Board of any on-premises liquor licenses has effectively kept Oxford “dry.”
Appellees rely here, as they did below, on this Court’s holding in Paulson’s Steerhead Restaurant, Inc. v. Morgan, 273 Ala. 235, 139 So.2d 330 (1962), that Tit. 29, § 14, Code of Alabama 1940, grants the municipal governing body “an irrevisable discretion to grant or withhold its consent and approval of the issuance of a restaurant liquor license . . .
Appellants urge us to find “bad faith” apparent on the face of the record in the acts of Oxford city council in denying appellants consent and approval for issuance of a liquor license. They cite Paulson’s holding, viz.:
“The court will not inquire into the motives of the members of the municipal council in exercising a legislative discretion, except to examine the records of the council. Clements v. Commission of City of Birmingham, 215 Ala. 59, 109 So. 158.” * * * “As stated in the Clements case, supra, 215 Ala. at page 61,109 So. at 160, ‘ * * * bad faith must be apparent upon the face of the act, and cannot be shown by extrinsic facts. * * *
They submit that the mere fact that ap-pellee-city council has never approved a single on-premises liquor license in the City of Oxford conclusively shows the appellees are totally prohibiting on-premises sales and evinces “bad faith.”
One answer to this contention is found directly in the judgment below. The trial *779 judge found that, although it is admitted that no person, firm, or corporation has been approved for issuance of a liquor license, “no evidence was presented to show that there has been any other applicants to Oxford for approval to ABC Board for the issuance of a liquor license.”
We need not decide whether the City here has exercised properly its legislative discretion. For, there is evidence in the record that appellant-inn owed some $6,000 back “lodging taxes” to the City of Oxford — clearly some basis upon which the City might base its denial of approval to the Inn.
It may be that this Court, in a proper case, will have to address the issue posed at the beginning of this opinion. If so, we may then have to decide whether, as Paul-son seems to suggest, the council’s action is the exercise of an “irrevisable discretion,” not subject to our review, or whether it may be shown that the council acted arbitrarily and capriciously, in such a manner as to effectually deny to any citizen a city’s consent and approval for the issuance of an ABC license for liquor. As we have already indicated, this is not the case in which to answer such inquiry.
AFFIRMED.
HEFLIN, C. J., and ALMON and EM-BRY, JJ., concur.
JONES, J., concurs specially.