HOLMES, Judge.
This is a ease involving the interpretation of a local act governing the civil service system of the City of Russellville, Alabama (City).
The city council of the City voted to abolish the position of assistant city clerk, a position within the City’s civil service system. The employee who held that position thus lost her job. She appealed the matter to the City’s Civil Service Board (board), which determined that the employee should be “reinstated” to the position of Clerk Typist I in the Park and Recreation Department of the City. It is undisputed that, though the employee had held the position of assistant city clerk, she actually worked in the Park and Recreation Department, where she performed many duties of a Clerk Typist I.
The city council did not agree with the board’s decision and voted to deny the board’s “recommendation.” The employee then filed a petition in the Circuit Court of Franklin County for a writ of mandamus to compel the City to abide by the decision of the board. The circuit court, following an ore terms hearing, ordered the City to “reinstate” the employee in the position of Clerk Typist I in the Park and Recreation Department.
The City appeals. We reverse.
Mandamus is an extraordinary remedy which “will not lie for the purpose of review, nor to revise or control, the exercise of discretion reposed in administrative or other governmental bodies.” Alabama State Tenure Commission v. Mountain Brook Board of Education, 343 So.2d 522, 525 (Ala.1976). Thus, mandamus will lie to compel the exercise of discretion when nothing is left to be done but a ministerial act, but it will not lie to compel the exercise of discretion in a particular manner, unless such discretion has been exercised arbitrarily and capriciously. Waste Disposal, Inc. v. Stewart, 432 So.2d 1255 (Ala.1983); Limbaugh v. Johnston, 393 So.2d 963 (Ala.1981).
With these principles in mind, it is quite clear to this court that the circuit court erred in granting the writ in this case. The City’s mayor and city council had the authority and discretion to abolish the position of assistant city clerk. They also had the authority to make the final determination as to whether she should be rehired, or “reinstated,” in another position in the city government.
The City’s civil service system is governed by Act No. 465 of the Local Acts of the State of Alabama (1973). The Act does not specifically address the process of creating or abolishing jobs within the civil service system. Section 8 of the Act, however, makes the City’s “governing body” the final authority as to the allocation of each position in the classified service of the City; the board may only allocate with the approval of the governing body. The City’s “governing body” is defined by Section 2 of the Act as the mayor and city council. Section 6 of the Act also gives the City’s governing body the authority to adopt rules and regulations for the operation of the civil service system; the board may only recommend to the governing body such rules and regulations.
We find that Act No. 465 does give the City’s mayor and city council — its governing body — the discretionary authority to abolish in good faith a position in the classified service of the City. Even if the Act itself could not be construed to confer such authority, the same conclusion is supported by past decisions of the Alabama Supreme Court. See Phillips v. City of Birming *51 ham, 235 Ala. 176, 178 So. 209 (1938); Clements v. Commission of City of Birmingham, 215 Ala. 59, 109 So. 158 (1926).
Moreover, in this instance this court will not inquire as to the motives behind the City’s decision to abolish the employee’s former position within the City’s classified service. Clements, 215 Ala. at 61, 109 So. at 160. See also Hall v. City of Tuscaloosa, 421 So.2d 1244 (Ala.1982). Thus, while mandamus might lie in a case where bad faith is apparent on the face of the City’s act of abolishing the position of assistant city clerk, it is not appropriate here where the employee’s assertions of bad faith and capriciousness require speculation by the court. Cf. Hall, 421 So.2d at 1247.
Under Act No. 465, the City’s mayor and city council also had the discretionary authority to deny the board’s recommendation that the employee be rehired, or reinstated, in the position of Clerk Typist I in the Park and Recreation Department. As with the matters of adopting rules and regulations and allocating positions in the classified service, it is the city’s mayor and city council which are the final authority as to the matters of hiring and filling vacancies, not the board. See Act No. 465, Sections 10-13. The board generally has only the power to make recommendations and give advice to the City’s governing body as to most matters of personnel administration. See Act No. 465, Section 5.
The City’s refusal to accept the board’s recommendation that the employee be reinstated in the position of Clerk Typist I appears on its face to be made in good faith. As stated above, we will not question the motives behind the City’s action. Clements, 215 Ala. at 61, 109 So. at 160. See also Hall, 421 So.2d at 1247. Absent such a showing of arbitrariness or capriciousness, mandamus will not lie to compel the City to abide by the board’s recommendation.
This case is due to be and is reversed and remanded for entry of a judgment not inconsistent with the above.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.