39 So.2d 786

**STATE ex rel. MORROW v. SANTA CRUZ, Tax Collector, et al.**

I Div. 341.

Supreme Court of Alabama.

Feb. 24, 1949.

Rehearing Denied April 14, 1949.

M. F. Dozier, of Mobile, for appellant.

Harry Seale, of Mobile, for appellees.

LIVINGSTON, Justice.

This is an appeal from a judgment of the Circuit Court of Mobile County denying a peremptory writ of mandamus sought by the appellant Mrs. J. T. Morrow to compel the license officer of the city of Mobile to issue a license for the sale of beer in her cafe or restaurant, known and designated as the "Dipsy Doodle," and located at Michigan Avenue Extension and Tennessee Street in the city of Mobile, Alabama.

While the petition for the writ of mandamus is by no means a model of pleading, yet in the absence of any question of its sufficiency, we construe it to allege in substance that, under and by virture of the provisions of Title 29, section 1 et seq., Code of 1940, particularly sections 5, 6, 27 and 28, the Alcoholic Beverage Control Board issued to appellant a limited state license for the sale of beer in her place of business (the limitation being that no beer was to be sold prior to four P. M. on each school day) in the city of Mobile; that thereafter appellant applied to the proper officer of the city of Mobile for the issuance of a city license to sell beer at her place of business in said city; that she tendered the amount necessary for such a license, and that the same was refused. Petitioner prayed that peremptory writ of mandamus be issued commanding or directing the license officer to issue said license or, in the alternative, that a rule nisi issue to said officer commanding or directing him to issue said license or to appear and show cause why he did not issue the same. The petition was sworn to.

Upon the filing of the petition the court ordered the rule nisi to issue. The city attorney accepted service of the petition, waived the issuance of the rule nisi, and answered the petition by joining issue on all the allegations thereof. Thereafter testimony was taken, and the trial court entered a judgment denying the peremptory writ of mandamus, and from which judgment this appeal is prosecuted.

In our opinion the allegations of the petition were substantially sustained by the proof.

 We are asked to determine the question of the city's right to refuse the issuance of its license where the Alcoholic Beverage Control Board has issued a state license for the sale of beer in a place of business located within the city limits. But this question is in no way presented by this record. No ordinance, rule or regulation of the city of any kind was pleaded or introduced in evidence, and we cannot take judicial notice thereof, if such there be. In the absence of some showing we cannot pass upon the question posed just above.

The petition having been substantially sustained by the evidence, the trial court was in error in refusing the peremptory writ of mandamus.

The cause is reversed and remanded.

Reversed and remanded.

BROWN, SIMPSON and STAKELY, JJ., concur.