90 So.2d 88

Leonard M. KING, Sr.,

v.

W. D. KENDRICK et al., County Com'rs of Jefferson County.

6 Div. 990.

Supreme Court of Alabama.

Sept. 13, 1956.

Rehearing Denied Nov. 1, 1956.

Howard H. Sullinger, Bessemer, for appellees.

STAKELY, Justice.

This appeal was taken from a decree of the Circuit Court of Jefferson County, Alabama, sitting in equity, overruling motions of the respondent (appellant) to vacate and to dissolve a preliminary injunction prohibiting the sale and offering for sale of any beer or other alcoholic beverages at his place of business.

The complainants, W. D. Kendrick, Charles E. Harrison and E. H. Gilmore, acting in their capacity as County Commissioners of Jefferson County, obtained a temporary injunction against Leonard M. King, Sr., (appellant) for violating county zoning regulations. As set out in Title 62, § 330(240a), Pocket Part, "* * * the governing body of such county under the authority granted therein * * * may, in addition to other remedies provided by law, institute injunction * * * to prevent, enjoin, abate or remove such unlawful erection, construction, alteration, maintenance, use, or occupancy."

Complainants' bill alleged that "said respondent (Leonard M. King, Sr.) is selling or offering for sale beer at said place

Edw. L. Ball, Bessemer, for appellant.

without first having procured a use permit from the Building Commissioner of Jefferson County as required by law * * *." Attached to the bill is an affidavit by W. W. Dunn, which states in essence that he is the Building Commissioner [Title 62, § 330(239a), Pocket Part, Code of 1940], and that King was selling and offering for sale, beer in violation of the zoning regulations of Jefferson County. Upon the filing of the bill a preliminary injunction was issued which "enjoined and prohibited (respondent) from selling or offering for sale any alcoholic beverages at his said place of business."

The respondent filed a Motion to Discharge the Injunction and a Motion to Dissolve the Injunction and assigns as error the overruling of said motions and the granting of the temporary injunction.

I. It is argued by the appellant that the zoning regulations of the Jefferson County Planning and Zoning Commission which appellant allegedly violated were not specifically set out in the bill and therefore the bill is without equity as "the courts will not take judicial knowledge of the acts or the regulations of an administrative body of a county in the state." The appellees alleged in their petition for a temporary injunction the following:

"(1) The location of said business as above noted is not zoned for the sale of beer under the zoning regulations and restrictions adopted and promulgated by the governing body of said County, and is in direct violation thereof; and (2) Said respondent is selling or offering for sale beer at said place of business without first having procured a Use Permit from the Building Commissioner of Jefferson County as required by law, as is evidenced by the affidavit hereto attached of W. W. Dunn, Building Commissioner of Jefferson County, Alabama, which said affidavit is hereby expressly made a part of this paragraph

of the bill of complaint as though set out herein in full."

▋ It is appellant's contention that the bill and affidavit "did not set forth nor allege in haec verba any regulations of the said Planning and Zoning Commission which had been violated by the Respondent." Under our practice it is not necessary that a zoning ordinance be set out in haec verba in a bill of complaint filed by county officers seeking an injunction for its violation. Goldthwaite v. City Council of Montgomery, 50 Ala. 486; Rosenberg v. City of Selma, 168 Ala. 195, 198, 52 So. 742, 743. The rule as stated in Rosenberg v. City of Selma, supra, is as follows:

"Pleading, with us, is not required to be so exact, so definite, so certain, as would be the result of an affirmation that ordinances should be set out in haec verba. The substance of the ordinance, its authoritative ordination as a rule of conduct in the municipality, and that the party charged has violated it meets all the requirements of good pleading."

Counties of this state coming within the classification set forth in § 330(230), Title 62, Code of 1940, Pocket Part, may enact zoning regulations in accordance with the terms and provisions of this statute. And in § 330(239a), Title 62, Code of 1940, Pocket Part, the governing body of the county is authorized to establish and fill the office of building commissioner to enforce such regulations by means of the withholding of building, use or occupancy permits. Further, § 330(240a) authorizes the governing body of such county to "institute injunction, mandamus, abatement or any other appropriate action or actions, proceeding or proceedings to prevent, enjoin, abate or remove such unlawful erection, construction, alteration, maintenance, use, or occupancy."

▋ II. It is contended that the Building Commissioner acted arbitrarily

and capriciously in that he denied the respondent the equal privileges of operating his retail grocery store. Under § 330(239a), Title 62, Code of 1940, Pocket Part, the powers of a Building Commissioner are specifically set out:

"From and after the establishment of such position and the filling of same, it shall be unlawful to erect, construct, reconstruct, alter, move, use or occupy any building or other structure, or use or occupy any land without obtaining a proper permit from such county building commissioner, and such building commissioner shall not issue any permit unless the plans of and for the proposed erection, construction, reconstruction, alteration, moving, use or occupancy fully conform to all zoning resolutions or orders and regulations then in effect."

Under these provisions the building commissioner determines who is entitled to permits for the sale of beer in retail stores throughout the county. In the counter affidavit of W. W. Dunn, the Building Inspector of Jefferson County, the uses to which property located in districts zoned for commercial purposes are specifically enumerated. Although retail stores are within the commercial classification, this in itself does not authorize the appellant to sell beer, where the zoning regulations further provide that a use permit be obtained. We quote from Leary v. Adams, 226 Ala. 472, 147 So. 391, 392.

"The authority for zoning laws is found within the bounds of the police power, asserted for the public welfare, and it has been well said that the line in this field which separates the legitimate from the illegitimate assumption of power is incapable of precise delimitation, varying with circumstances and conditions. * * * The local authorities are presumed to be familar with all the surroundings and possess a superior knowledge of the true condition, the varied and conflicting interests involved, and they must of necessity be accorded some measure of discretion. As has been said, the courts are slow to set up their own opinions as against those charged with and in position to rightly perform such duty. * * * 'The matter of location frequently becomes of controlling importance.' Fletcher v. Barnard, 222 Ala. 380, 133 So. 29, 30."

In Village of Euclid, Ohio, v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 118, 71 L.Ed. 303, a leading case on the subject, the court said:

"Thus the question whether the power exists to forbid the erection of a building of a particular kind or for a particular use, like the question whether a particular thing is a nuisance, is to be determined, not by an abstract consideration of the building or of the thing considered apart, but by considering it in connection with the circumstances and the locality. * * * A nuisance may be merely a right thing in the wrong place, like a pig in the parlor instead of the barnyard. If the validity of the legislative classification for zoning purposes be fairly debatable, the legislative judgment must be allowed to control * * * there is no serious difference of opinion in respect of the validity of laws and regulations * * * excluding from residential sections offensive trades, industries and structures likely to create nuisances."

■ III. It is contended that since a state license has been obtained, the county is without authority to deny the appellant the right to sell beer. The court observed in Marchesi v. Selectmen of Winchester, 312 Mass. 28, 42 N.E.2d 817, 819, that,

**164**

"The general aim both of the zoning by-law and of the licensing statute is the promotion of the public welfare, but each is independent of the other and seeks to accomplish its purpose by different means."

In Carnabuci v. City of Norwalk, 70 Ohio App. 429, 46 N.E.2d 773, 774, the petitioner obtained a license to manufacture wine from the State Board of Liquor Control but was prevented from so doing by a zoning ordinance which disallowed the operation of businesses in areas zoned for residences only. In holding that the permit was subordinate to the municipal ordinance, the court said:

"* * * the permit having been issued subsequent to the adoption of the ordinance, can not be used by the plaintiff as warrant for the establishment and conduct of her business within the restricted area defined therein."

See Municipal Corporations by McQuillin, Vol. 8, pp. 35–36.

In the case at bar it is sufficient to say that the regulation here was in force and effect prior to the issuance by the Alcoholic Beverage Control Board of the permit to the appellant and the opening and operation of his business on the premises in question. Under Title 62, § 330(239a), Pocket Part, Code of 1940, authority is given the building commissioner for the enforcement of county zoning regulations by means of the withholding of building, use or occupancy permits. In refusing the appellant a use permit to sell beer, the building commissioner was acting within the valid and lawful exercise of his power.

It results, therefore, that the decree appealed from is free from error and is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.