130 So.2d 376

**V. O. CAPPS et al.**

v.

**Jasper T. BOZEMAN.**

1 Div. 956.

Supreme Court of Alabama.

May 25, 1961.

**250**

Geo. E. Stone, Jr., and Ralph O. Howard, Mobile, for appellants.

Collins, Galloway & Murphy, Mobile, for appellee.

COLEMAN, Justice.

This is an appeal by respondents from a judgment of the circuit court granting a peremptory writ of mandamus.

The petitioner for mandamus applied to the City of Prichard for a license to sell beer at retail, at a certain location, for off premises consumption. The respondents are the councilmen and clerk of the City of Prichard. Respondents refused to issue the license applied for and petitioner commenced the instant proceeding to require respondents to issue the license. The circuit court awarded the writ and respondents have appealed.

Respondents insist that the court erred in granting the writ for two reasons: first, because petitioner failed to meet the requirements as to character and reputation required of licensees by the applicable city ordinance, and, second, because the evidence produced on the hearing shows that petitioner's place of business, where he desires to sell beer, is within one thousand feet of a church, and the ordinance forbids issuance of a beer license for any place of business located within that distance from a church.

We pretermit consideration of respondents' first insistence because we are of opinion that the second insistence is well taken and requires a reversal.

Subsection (b) of Section 4 of Ordinance No. 704 recites in pertinent part as follows:

"(b) The place or establishment for which a license is applied for must be not less than one thousand (1000) feet from any church building or church grounds or school building or school grounds or public park or public playground, but this provision shall not apply to renewals of licenses or to licenses now in existence."

At the hearing in the circuit court, petitioner testified on direct examination as follows:

"Q. And is your place of business within a thousand feet of a church, a school ground or a play ground?

"A. It's one-sixth of a mile to the church."

One-sixth of a mile of 5,280 feet is 880 feet, and is less than 1,000 feet.

■ A right in the applicant to the thing applied for is an indispensable requisite in an application for mandamus, and without such right the writ will not be granted, State ex rel. Driver v. Com'rs Roads of Talladega, 3 Port. 412. Mandamus will be granted only when there is a clear, specific legal right shown for the enforcement of which there is no other adequate remedy. McCutcheon v. Thomas, 261 Ala. 688, 75 So.2d 649, and cases cited in Alabama Digest, Mandamus, ⊜10.

■ Because petitioner's place of business is shown to be at a location where a beer license is prohibited by the ordinance, petitioner has not shown a clear, legal right in himself to the license applied for, and for his failure to show this indispensable requisite, the judgment awarding the peremptory writ is due to be and is reversed.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.