177 So.2d 324

Jesse M. **NORWOOD**

v.

**V. O. CAPPS, as Mayor, et al.**

**1 Div. 269.**

Supreme Court of Alabama.

July 15, 1965.

Collins, Galloway & Murphy, Mobile, for appellant.

Mitchell G. Lattof, Mobile, for appellees.

LIVINGSTON, Chief Justice.

Jesse M. Norwood, appellant, applied to the proper authority of the City of Prichard, Alabama, for a business license for the sale of malt or other brewed beverages for on-premise consumption. The city refused to issue the license on the sole ground that Norwood's place of business was less than 500 feet from another place of business licensed for the sale of such beverages for on-premise consumption.

Norwood filed in the Circuit Court of Mobile County, Alabama, a petition for mandamus to require the City of Prichard to issue said license to him. The petition alleged that petitioner had complied with the ordinance of the City of Prichard, Alabama, for such business license except that his place of business was less than 500 feet from another place of business licensed for the sale of such beverages for on-premise consumption. The petition was heard in open court and was denied. From the final judgment denying the relief sought, this appeal is prosecuted.

The ordinance involved is No. 704 of the City of Prichard, Alabama, and it is admitted that said ordinance was not passed as a zoning ordinance.

Ordinance No. 704 provides, in pertinent part, as follows:

"SECTION 3. RESTRICTIONS FOR ON PREMISE CONSUMPTION. * * *

"(a) The place or establishment for which a license is applied for must be more than five hundred (500) feet from any other place or establishment where malt or brewed beverages are sold for on premise consumption."

It is insisted by appellant that if Ordinance No. 704 was passed under the police powers, it is unconstitutional and void for the simple reason that it is arbitrary, and the City of Prichard was without statutory authority to pass said ordinance.

Section 455, Title 37, Code of Alabama 1940, provides:

"Municipal corporations may, from time to time, adopt ordinances and resolutions not inconsistent with the laws of the state, to carry into effect or discharge the powers and duties conferred by this title, and provide for the safety, preserve the health, promote the prosperity, improve the morals, order, comfort, and convenience of the inhabitants of the municipality, and enforce obedience to such ordinances by fine not exceeding one hundred dollars, and by imprisonment or hard labor not exceeding six months, one or both."

Appellant argues that a provision in an ordinance that two beverage licenses for on-premise consumption within less than 500 feet of each other has no reasonable relationship to the safety, health, prosperity, morals, order, comfort, and convenience of the inhabitants of the municipality, and especially is this true where beverage licenses for off-premise consumption is allowed by the ordinance. We cannot agree.

In McQuillin, Municipal Corporations, 3rd Ed., Vol. 6, Sec. 24.172, p. 737, the following statement is made:

"An ordinance, duly authorized, may prohibit the selling of intoxicating liquor within a certain distance of a place where liquor is legally sold, or within a certain distance of churches, schools, homes or other buildings. Such an ordinance is constitutional as applied to those selling intoxicating liquors at the time and before its enactment as well as to those who thereafter commence the business. This is true because there are no vested rights against a due exercise of the police power, and, for that matter, there is no vested or inherent right to sell or otherwise traffic in intoxicating liquors. * * *"

With regard to the right of the municipality to enact such regulation, we previously held in the case of State ex rel. Woodruff v. Centanne, 265 Ala. 35, 89 So.2d 570, as follows:

"It is well settled that the fact that an ordinance enlarges upon the provisions of a statute by requiring more restrictions than contained in the statute

creates no 'conflict,' unless the statute limits the requirements for all cases to its own prescriptions. Smith v. Town of Notasulga, 257 Ala. 382(2), 59 So.2d 674; City of Birmingham v. West, 236 Ala. 434, 183 So. 421; Mitchell v. City of Birmingham, 222 Ala. 389, 133 So. 13.

"The provisions of the ordinance here in question, to which we have referred, do no more than add restrictions to the statutory provisions in that respect. The statute does not prescribe restrictions to be exclusive of all others. * * *"

■ Where malt or brewed beverages are purchased for off-premise consumption, there would be no logical reason why such places or establishments should not be close to each other, and the ordinance makes no attempt to make any such restriction in this regard. However, where malt or brewed beverages are to be consumed on the premises of the place or establishment, it is reasonable and a valid exercise of the police power of the city to require such places or establishments to be more than 500 feet from each other in order to prevent a particular area or particular block of the city from developing into a complete saloon area with many establishments with all of the attendant police problems and dangers to the public that might result.

■ Ordinance No. 704 of the City of Prichard and the restrictions therein contained, which are assailed by the appellant in this action, are valid exercises of the police powers of the City of Prichard, Alabama. It is undisputed that the request or application for a license for the sale of malt or other beverages for on-premise consumption is within the prohibited zone of 500 feet from another establishment licensed to sell malt or other brewed beverages for on-premise consumption, and the writ of mandamus was properly denied.

Affirmed.

SIMPSON, MERRILL and HARWOOD, JJ., concur.