275 So.2d 657

**T. J. WILLIS, as Mayor of the Town of Morris, Alabama and the Town of Morris, Alabama, a municipal corporation,**

v.

**STATE of Alabama, ex rel. FLYNT OIL COMPANY, INC., a corporation.**

**SC 112.**

Supreme Court of Alabama.

Feb. 22, 1973.

Rehearing Denied April 19, 1973.

Rogers, Howard, Redden & Mills, Birmingham, for appellants.

James M. Fullan, Jr., Birmingham, for appellee.

FAULKNER, Justice.

Flynt Oil Company (Flynt) does business as "Posey's Kwik Stop" in Morris, Alabama. Under one roof, with separate entrances, are a gasoline service station, coin-operated washing machine, and cafe facilities. On June 6, 1972, Flynt was issued a retail beer license by the State of Alabama, authorizing sale for off-premise consumption.

As of the relevant dates herein, there was in effect an ordinance of the Town of Morris prohibiting sale of alcoholic beverages, on penalty of $100 fine, jail, or "hard labor not to exceed six (6) months." Consistent with this ordinance, and notwithstanding Flynt's possession of a state license, the Town denied him a municipal license on June 19, 1972.

Flynt petitioned in Circuit Court for a writ of mandamus to compel the Town and its Mayor, T. J. Willis, to issue him a municipal beer license. Following a hearing, relief was granted. Mayor Willis and the Town appeal from the decree of the Circuit Court.

On January 30, 1973, Flynt moved for summary affirmance under Rule 17 of this

Court, contending that the appeal had been interposed merely for delay.

■ Initially, we wish it clear that it is not our function as a court of law to rule on the benefits or drawbacks of alcohol as a beverage for human consumption, or whether prohibition thereof is sound or unsound public policy. That decision is in the province of the competent legislative authorities, and has already been made by them. Given the existing state of the law, a municipality may not prohibit sale of beer where such sale has been licensed by the State of Alabama. Campbell v. City of Hueytown, Ala., 268 So.2d 3 (1972); Reams v. State ex rel. Clokey, 45 Ala.App. 614, 234 So.2d 893 (1970); State ex rel. Morrow v. Santa Cruz, 252 Ala. 130, 39 So.2d 786 (1949).

As we said in *Campbell,* supra:

"This question is whether or not a municipality may, by zoning or otherwise, prohibit the sale of beer where such sale has been licensed by the State

"We think that it cannot." 289 Ala. 391, 268 So.2d at 5.

Appellant, in his brief, admits that the relevant authorities are adverse to his contentions, but urges us to overrule these authorities. We have considered his position, but do not agree that such authorities should be overruled.

■ We are prone to treat a Rule 17 motion for summary affirmance with caution. However, the old maxim "justice delayed is justice denied" remains compelling. Thus, when careful examination of the record reveals that no substantial issue of law has been raised by an appeal, the motion for summary affirmance will be granted. The case before us presents such a situation.

The decree of the Circuit Court is affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD and MADDOX, JJ., concur.