319 So.2d 707

**Arvil Jean LAWRENCE**

**v.**

**H. Jean GAYLE et al.**

**SC 1386.**

Supreme Court of Alabama.

Aug. 4, 1975.

Rehearing Denied Oct. 2, 1975.

Rogers, Howard, Redden & Mills, Birmingham, for appellees.

Jones & Monroe, Birmingham, for appellant.

FAULKNER, Justice.

Ms. Lawrence appeals from a decree of the Circuit Court of Jefferson County, dissolving a temporary injunction, and denying declaratory relief, against the mayor and city council of Warrior. We reverse.

This court held in *Lawrence v. Gayle*, 294 Ala. 91, 312 So.2d 385 (1975) that a city ordinance requiring a $5,000 annual license fee for retail sales of beer was invalid. After that decision, the council met and adopted an ordinance requiring a fee of $4,000. Thus, the principal issue here is the same as in the first case: Was the license fee unreasonable?

■ We cannot set the fee for the license, but from the evidence, other cities and towns in Jefferson County require fees ranging from $25 to $500. It would appear that requiring a license fee in Warrior of an amount over $500 is unreasonable and confiscatory. The effect of the $4,000 fee is the same as the $5,000 fee—to prohibit the legal sale of beer and wine. We pause here to say that this court will not tolerate circumvention of its orders,

under the ruse of amending the fee schedule for selling beer and wine, one step at the time.

■ The City argues that Ms. Lawrence has not complied with § 2 of the ordinance requiring a written application, giving the applicant's name, age, location of business, type of business, names of employees, police record, if any, etc. Mrs. Lawrence filed with the clerk a crude writing stating she wanted a license to sell "off-premises" beer and wine. She gave her business address and the name of her business. She also submitted her ABC license. In this particular case, this writing should have been sufficient. It is very likely that the mayor and council know as much about Ms. Lawrence and her business as she knows herself. It is true that Ms. Lawrence did not submit a fee with her application. But, here this would have been a futile gesture. In the previous case, Ms. Lawrence submitted a fee within the range of other Jefferson County cities and towns, and was turned down.

We conclude from the evidence before us, that the ordinances setting a license fee of $4,000 were to prohibit the sale of beer and wine. On the authority of *Lawrence*, we hold these ordinances to be invalid.

Reversed and remanded.

HEFLIN, C. J., and ALMON and EMBRY, JJ., concur.

BLOODWORTH and ALMON, JJ., concur specially.

BLOODWORTH, Justice (concurring specially).

I concur specially in the opinion of Justice Faulkner.

The first time this cause was before this Court,[1] I dissented from that portion of

1. *Lawrence v. Gayle*, 294 Ala. 91, 312 So.2d 385, 392. [April 17, 1975, Rehearing denied May 22, 1975].

the majority opinion (authored by Justice Jones) which held that a "justiciable controversy" existed. I expressed my opinion that no justiciable controversy then existed because: (1) Ms. Lawrence had no ABC license when she applied for a retail beer license from the city; and, (2) Ms. Lawrence had not complied with the city ordinance requiring written application under oath.

Ms. Lawrence has now secured an ABC license and has reapplied for a city license. Although I am still of the opinion that she has not fully complied with the ordinance, I now agree that it appears clear that the city will not grant her a license, irrespective of her complying with the ordinance by filing an application under oath, *unless* she pays a license fee of $4,000, a sum which I agree is unreasonable and confiscatory. The law does not require a futile act. *Alabama Department of Industrial Relations v. Anderson,* 41 Ala.App. 267, 128 So.2d 532.

It is my opinion that if Ms. Lawrence ultimately pays such reasonable license fee as may be set by the city of Warrior, she should fully comply with the ordinance requiring an application to be made under oath.

ALMON, J., concurs.

