I concur in the result in this case to reverse and remand this cause to the trial court.
The posture in which this case was tried below is as follows. There was a motion to dismiss, which by operation of Rule 12 (b), was converted into a motion for summary judgment. After the taking of testimony in support and contra the motion for summary judgment, the trial court granted the motion to dismiss, i.e., the summary judgment. I conclude the summary judgment was premature, that is, inappropriate, because a motion for summary judgment is to be granted only where there is no genuine issue as to a material fact and the movant is entitled to judgment as a matter of law. Loveless v. Graddick, 295 Ala. 142, 325 So.2d 137
(1975). The movant (Buckhalt, the City Clerk) had the burden to show that Harrison could not recover "under any discernible circumstances." Loveless v. Graddick, supra.
Harrison claimed in the court below the unconstitutionalapplication of the "grandfather clause." The trial judge would not permit evidence to be adduced on the issue of licenses issued prior to January 25, 1977, the date of the enactment of the ordinance in question (which contained the "grandfather clause"), although there was a prior ordinance which both parties admitted was essentially the same. A copy of the prior ordinance was never admitted into evidence, but the evidence sought to be adduced by Harrison as to a pattern of discrimination against subsequent applicants by the granting of licenses to prior applicants was foreclosed by the trial judge's order. Thus, it seems to me that the movant here has not shown that the other party could not recover "under any discernible circumstances." Loveless v.Graddick, supra.
I can agree with that part of Mr. Justice Embry's opinion when he states that it is a reasonable and valid exercise of the police power of a city to prohibit the sale of beer within a reasonable distance from a school or church, even though an applicant has been granted a license by the ABC Board. This is the rule of our cases. Lawrence v. Gayle, 294 Ala. 91,312 So.2d 385 (1975); USA Oil Corp. v. City of Lipscomb, 293 Ala. 103,300 So.2d 362 (1974); Paulson's Steerhead Restaurant, Inc. v. Morgan,273 Ala. 235, 139 So.2d 330 (1962). Our rule is that a "municipality may prescribe conditions as a prerequisite to the issuance of a beer license so long as such conditions bear a reasonable relationship to the health, safety, and public welfare of the community; but it may not, under the guise of its licensing authority, prescribe such conditions as to constitute a prohibition of the sale of beer." Lawrence v. Gayle, supra at 98, 312 So.2d at 391.
I cannot agree with Mr. Justice Embry's conclusion that the "grandfather clause" in this case is discriminatory and therefore unconstitutional. "Grandfather clauses" have generally been held not to be discriminatory. See Annot., 4 A.L.R.2d 667, 670 (1949), Annot., 136 A.L.R. 207, 213 (1942). "Grandfather clauses" in such ordinances as the one in question serve to protect property and investments in a manner analogous *Page 287 
to nonconforming use exceptions in zoning ordinances. See Annot., 9 A.L.R.2d 877 (1950).
Nor, can I agree with Mr. Justice Embry's opinion that because the ordinance does not expressly provide for the eventual elimination of existing licenses for premises within 600 feet of a church or school, that it, in effect, allows renewals "in perpetuity." On this issue I agree with Mr. Chief Justice Torbert's view.
MADDOX, J., concurs.