The Board of Zoning Adjustment of Jefferson County, in its brief in support of an application for rehearing, in part contends that the original appeal was due to be dismissed.
This contention is based on the premise that the Attorney General was not served with a copy of the proceedings that challenged the constitutionality of the Board's action. See §6-6-227, Ala. Code (1975). This argument is being made for the first time on rehearing. It comes too late.
"[S]uch failure, defect, or insufficiency must be brought to this Court's attention prior to its submission by written motion; and, failure to timely file this motion, giving appellant reasonable opportunity to correct such defect, constitutes a waiver of consideration by this Court. Supreme Court Rule 52." Lawrence v. Gayle, 294 Ala. 91, 94,312 So.2d 385, 387 (1975). Furthermore, it appears that the action by the Board was held "invalid" and was not challenged on the grounds of "constitutionality" nor decided on that basis as contemplated by section 6-6-227, Ala. Code (1975).
The Board on rehearing also contends that the Jefferson County Commission was a necessary party to the original proceeding. Again, this issue was not properly presented in the first submission. Even if the contention is meritorious, which is doubtful, it comes too late.
OPINION EXTENDED. APPLICATION FOR REHEARING OVERRULED.
All the Judges concur.