HOLMES, Judge.
The appellees have filed with this court a motion to dismiss the appeal. The basis of the motion is that the appeal is moot.
We find the motion is due to be granted, and the appeal is dismissed.
In July 1986, Butler Mill Estates subdivision (Butler Mill) was granted approval by the Montgomery County Board of Health (MCBH). This subdivision was to contain lots three (3) acres or larger in size. After an ore terms hearing the trial court held that this approval granted for Butler Mill was void and without any force and effect. The trial court further held that the applicable rules and regulations in effect at that time required Butler Mill to be subdivided into minimum lot sizes of five (5) acres.
Sullivan, the owner of Butler Mill (appellant), appealed, basically contending that the prior approval of the three-acre lots should have been upheld.
On June 28, 1988, the appellees filed a motion to dismiss the appeal on the grounds that facts transpiring since the trial court’s order on which the appeal is based render the appeal moot. The appel-lees contend that the appellant is in effect admitting the correctness of the trial court’s order by withdrawing certain lots which are the subject of appeal and dividing them into minimum five-acre lots as required by the trial court’s order. The motion and supporting documents reveal that the appellant and the appropriate health departments reached certain stipulations whereby various lots in Butler Mill were to be withdrawn from the current litigation and divided into five-acre lots. Further, the stipulations reserved the right to withdraw any other lots from Butler Mill at any time.
Therefore, the dispositive issue becomes whether the appellant’s action in subdividing the land subject to appeal into five-acre lots in compliance with the trial court’s order renders the appeal challenging that order moot.
It is a well settled general rule that it is not the function of the appellate courts to give opinions on moot questions or abstract provisions. City of Birmingham v. Long, 339 So.2d 1021 (Ala.1976). The question of mootness as to an appeal arises when a justiciable controversy no longer exists, such as when the appellant accepts and retains the benefits of a judgment. Osborn v. Empire Life Insurance Co., 342 So.2d 763 (Ala.1977).
Here, the trial court ordered that Butler Mill could not be approved with three-acre lots, but instead must comply with the minimum five-acre lot requirements of the MCBH Rules and Regulations. Although appellant appealed this decision, the evidence before us shows that the appellant is now in effect complying with the order. Butler Mill is, as the trial court required, being divided into minimum five-acre lots. We do note that not all of the lots in Butler Mill have been so divided, but as noted above, the appellant has specifically reserved the right to withdraw the remaining lots from litigation at any time.
We think it necessarily follows that this elective course of action by the appellant constitutes an effective abandonment of the appeal. Therefore, applying the established mootness criteria to the facts of the instant case, we hold that the appellees’ motion to dismiss is well taken and is hereby granted. 5 C.J.S. Appeal & Error § 1354(1) (1958).
As concerns the merits of this case, we would note that the trial court determined that of the two sets of rules and regulations (1971 MCBH rules and State Board rules) in effect at the time Butler Mill was *698 approved, the more restrictive MCBH rules should have been applied. From a review of the record and the applicable case law, this finding appears to be correct. See Congo v. State, 409 So.2d 475 (Ala.Crim.App.1981). See also Lawrence v. Gayle, 294 Ala. 91, 312 So.2d 385 (1975). Nevertheless, as we have determined that the appeal is moot, we need not specifically decide this issue.
APPEAL DISMISSED.
BRADLEY, P.J., and INGRAM, J., concur.