GUIDRY, J.,
concurs in part, dissents in part, and assigns reasons.
I While I concur in the finding that the evidence was sufficient to support the conviction of molestation of a juvenile, I dissent from the majority’s holding that the court of appeal erred in exceeding its authority under an errors patent review and vacating the defendant’s sentence as illegally lenient. In my view, because this was a bench trial in which the judge issued his verdict in a lengthy explanation on the record, the court of appeal properly found the victim’s age at the time of the offense could be determined by a mere inspection of the pleadings and proceedings without resort to inspection of the evidence pursuant to La.Code Crim. Proc, art. 920(2).
Although the majority voices concern about inviting appellate courts to review for errors patent the reasons given by a trial judge in issuing its judgment, I disagree that such is the case in this criminal matter. The majority dismisses any discussion of what a verdict or a judgment might consist of in a bench trial to be reviewable for errors patent. As the majority notes, the scope of review under La.Code Crim. Proc. art. 920(2), includes the verdict and the judgment. Slip op., p. 6 (quoting State v. Oliveaux, 312 So.2d 387, 339 (La.1975)). Because this was a bench trial, the trial judge’s verdict was given on the record in open court.
| ¡Accordingly, in lieu of a jury’s verdict being issued in a verdict form, the.trial *459 judge gave his verdict on the trial record in open court. In that verdict, the trial judge clearly found beyond a reasonable doubt that the defendant was guilty of molestation of a juvenile, that the victim’s date of birth was May 29, 2000, and that the crime occurred on November 24, 2012. Thus, as the court of appeal reasoned, the defendant was found guilty of molestation of a juvenile under the age of thirteen years, which is punishable by a minimum sentence of twenty-five years at hard labor pursuant to La.Rev.Stat. 14:81.2(D)(1). Therefore, the sentence of fifteen years at hard labor, despite the judge’s rationale offered at sentencing, is illegally lenient on the face of the record, and there is no need to resort to any inspection of the evidence introduced at trial to determine otherwise. For these reasons, I would affirm the judgment of the court of appeal.